AMY WATTERS et al., Appellees, v. ELMER PROSSER et al., Appellants.

**WILLS:** Contract in Consideration of Dismissal of Contest—Construction. An agreement between a mother, beneficiary under a will, and a contestant of the will, that, in consideration of the dismissal of the contest, the mother's *estate* shall, at her death, be equally distributed to contestant and others, refers to the property received by the mother under the will, or the changed form thereof, and will be enforced accordingly.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

MAY 11, 1920.

SUIT to set aside deed, and decree plaintiffs and defendant Elmer E. Prosser owners, as tenants in common, of a certain tract of land. Decree was entered as prayed. Defendants appeal.—*Affirmed.*

*F. L. Anderson,* and *Grimm, Wheeler, Elliott & Jay,* for appellants.

*Voris & Haas,* for appellees.

LADD, J.—Carlos B. Prosser died testate, July 2, 1906, survived by a widow and three children, and leaving what purported to be his last will, devising all his property to

his widow, Eveline Prosser. When the alleged will was tendered for probate, one of the children, Amy Watters, interposed objections thereto, on the grounds that decedent was incompetent to make a will, and that that tendered was the product of undue influence. On November 22, 1906, proponent and contestant entered into an agreement, in words following, omitting formal parts:

"That the said Amy M. Watters has filed objections to the probating of the last will and testament of Carlos B. Prosser, deceased. Now, in consideration of, the covenants hereinafter made and entered into by and between the parties hereto, the said Amy M. Watters hereby agrees to withdraw her objections filed herein, and permit said will of Carlos B. Prosser, deceased, to be proved and probated without objection. And Mrs. Eveline Prosser, mother of said Amy M. Watters, Elmer E. Prosser and Julia A. Ahrens, in consideration of the said Amy M. Watters withdrawing said objections to the probate of said will, hereby agrees and covenants not to make a will disposing of her property, and agrees that her estate at her death, be equally divided between her said three children, to wit: Amy M. Watters, Elmer E. Prosser and Julia A. Ahrens. And the said Mrs. Eveline Prosser covenants and agrees for and in consideration of the withdrawing of the contest in the above entitled matter that she will not sell or dispose of the following described real estate, to wit: The south half of the northwest quarter of Section nineteen, Township eighty-four, north, Range one, east of the fifth P. M., Jackson County, Iowa, being the real estate which she inherits under her husband's said will, to either of her said three children, or incumber the same for their use or benefit, or either of them. It is further stipulated and agreed between the proponent and contestant to said will that the proponent shall pay all the costs incurred by her in the procurement and attendance of the witnesses here in her

behalf, and that the contestant agrees to and is to pay all other costs in said proceeding."

In pursuance of this stipulation, all objections to admitting the will to probate were withdrawn, and it was admitted, and the widow took all the property. Subsequently, the widow sold the property so obtained, and out of the proceeds paid Amy Watters $1,000, and her brother, Elmer Prosser, a like amount, and purchased the south half of Lot 8, a subdivision of Lot 8 of the irregular survey of the northwest quarter of Section 1, in Township 83 north, Range 7 west of the 5th P. M., and, on October 23, 1918, conveyed the same to defendant Elmer Prosser. Grantor therein departed this life, November 9th following. The plaintiffs allege that the last-mentioned deed was without consideration, in violation of the agreement, and pray that it be set aside, and the record thereof canceled, and that title be confirmed in the three heirs of the grantor, as tenants in common.

Were the widow disposed to deal with her children equally, that is, leave each one third of her estate, nothing would be accomplished by the contest. Manifestly, the purpose of the contract was to so bind her that such a distribution might not be obviated. The contestant performed her part of the stipulation by withdrawing the contest. The widow did not violate her promise not to make a will disposing of her property, nor did she violate the undertaking not to sell the land acquired under the will to either of her children. She did not undertake not to sell to a stranger. The controversy centers on the construction to be given the clause wherein she "agrees that her estate. at the time of her death, be equally divided between her three children, to wit: Amy M. Watters, Elmer E. Prosser and Julia A. Ahrens." The contention of appellant is that the word "estate," as here found, has reference to that of which the widow would otherwise be seized immediately prior

to her death; while appellees urge that the parties had in mind the property so held by her generally, and regardless of time, save as fixing the date of its distribution. The clause quoted provides for the final and equal division of her estate. What estate? Not such as passes to the heirs on the death of an ancestor, for this was to be divided by contract. It is the estate which the widow acquired under the will, by virtue of the contract, and which, though the property changed in form, continued the same estate which she acquired as devisee under testator's will, and solemnly undertook in her contract should, at her death, be divided among her children. This construction is in accord with other portions of the instrument, and, in defining how and when her property should be divided, impliedly precluded its disposition in any other manner. This construction harmonizes with the spirit and purpose of the parties, and, in our opinion, does not do violence to the language employed. It effectuates the manifest design of the parties in exacting an equal division of estate of the testator, passing through his widow among the progeny of both.— *Affirmed*.

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.